SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
(212) 218-5526 (Facsimile)
Richard M. Resnik (RR 1407)
Donald R. Dunn, Jr. (DD 0069)
*Attorneys for Plaintiffs William Abrams and Soo Won Hwang*



10 CIV 2735

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
WILLIAM ABRAMS AND SOO WON
HWANG,

          Plaintiffs,

    -against-

WB IMICO LEXINGTON FEE, LLC,

          Defendant.
------------------------------------------------------x

Civil Action No.: _____

**COMPLAINT**

    Plaintiffs, William Abrams and Soo Won Hwang ("Plaintiffs"), by their attorneys, Seyfarth Shaw LLP, as and for their complaint, alleges as follows:

    1.    This action is brought pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 *et seq.* ("ILSA"), which allows a purchaser to revoke a purchase agreement for the sale of a non-exempt condominium unit, and to recover all monies paid towards the purchase price thereof, if that purchase agreement fails to contain certain provisions required by ILSA, as alleged more fully below.

    2.    On July 26, 2007, Plaintiffs entered into a purchase agreement (the "Agreement") with defendant WB IMICO Lexington Fee, LLC (the "Defendant") to purchase a condominium unit at the building being newly constructed at 151 East 85th Street, which agreement fails to contain two provisions required by ILSA.

12186059v.1

3. Specifically, the Agreement: (a) fails to include a description of the unit sufficient to identify it in a form acceptable for recording; and (b) fails to provide that Defendant, in the event of Plaintiffs' default, must refund Plaintiffs' deposit in accordance with ILSA.

4. By this action, Plaintiffs seek to revoke the Agreement and to recover, *inter alia*, their $718,474.95 deposit, together with other damages authorized by ILSA.

**THE PARTIES**

5. Plaintiffs are natural persons domiciled in the State of New York with his principal residence located in New York County.

6. Upon information and belief, Defendant is a foreign Limited Liability Company organized under the laws of the State of Delaware and registered to do business in the State of New York, with a place of business c/o Extell Development Company, 805 Third Avenue, 7th Floor, New York, NY 10022.

**JURISDICTION AND VENUE**

7. Jurisdiction over the subject matter of this action is conferred on this Court by 28 U.S.C. § 1331 in that the claims asserted in this action arise under 15 U.S.C. §§ 1701 *et seq.* and, more specifically, under §§ 1703(d)(1), 1703(d)(3), 1709(b), and 1709(c).

8. The Court has personal jurisdiction over Defendant because Defendant does business in this district and the subject agreement between the parties was entered into in this district and concerns real property located in this district.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(b)(3) because: (a) Defendant does business in this district; (b) a substantial part of the events giving rise to Plaintiffs' claims arose in this district; (c) the subject purchase agreement was negotiated and executed in this district; and (d) the real property that is the subject of this action is located in this district.

**FACTUAL BACKGROUND**

A. <u>Plaintiffs Execute the Purchase Agreement and Pay a $718,474.95 Deposit</u>

10. Defendant is the Sponsor and developer of the condominium to be known as The Lucida, being erected at 151 East 85th Street, New York, New York (the "Condominium").

11. The Condominium is a new construction that, when completed, will contain 110 residential units, one retail unit, and one rental unit.

12. Defendant offered and continues to offer for sale units in the Condominium pursuant to an offering plan, dated March 21, 2007 (the "Offering Plan").

13. In offering units of the Condominium for sale, Defendant used the telephone, facsimile and mails in interstate commerce.

14. ILSA applies to new construction condominium units which do not fall within any of the exemptions set forth in said statute.

15. Upon information and belief, none of the exemptions to ILSA applies to the Condominium or to Defendant.

16. As such, ILSA applies to the Condominium and the Defendant.

17. Pursuant to the Agreement, dated July 30, 2007, Plaintiffs, as purchasers, agreed to purchase a unit in the Condominium described as unit number 14E (the "Unit") for a purchase price of $4,789,833.

18. In recognition of ILSA's application to the Condominium and the sale of the Unit, Defendant prepared a property report and delivered it to Plaintiffs.

19. Pursuant to ¶ 4.1 of the Agreement, Plaintiffs paid an initial deposit of $478,983.30 at the time they executed the Agreement, and thereafter paid an additional deposit of $239,491.65, for a total deposit of $718,474.95 (the "Deposit").

12186059v.1

**B.      The Purchase Agreement Fails to Identify the Unit With Sufficient Particularity**

20.     ILSA provides, in relevant part, that a purchaser has the option to revoke any contract for the sale of a condominium unit that does not provide "a description of the [unit] which makes such [unit] clearly identifiable and which is in a form acceptable for recording by the appropriate public official responsible for maintaining land records in the jurisdiction in which the [unit] is located." 15 U.S.C. § 1703(d)(1).

21.     The "appropriate public official responsible for maintaining land records in the jurisdiction in which the [Unit] is located" is the office of the City Register of the Borough of Manhattan, County and State of New York (the "City Register").

22.     In violation of § 1703(d)(1), the Agreement identifies the Unit only as "the unit ("Unit") to be designated as Unit 14E in the Plan." Agreement ¶ 3.

23.     Similarly, the Offering Plan contains an incomplete form unit deed that describes a unit of the Condominium as "Tower Unit No. ___ in the declaration . . .recorded in the New York County office of the Register of the City of New York (the 'City Register's Office') on ____, in Reel ____, page ___, also designated as Tax Lot(s) ____ . . . " Offering Plan p. 241.

24.     The actual tax lot number of the Unit in the deed conveying the Unit to Plaintiffs is necessary for its proper identification in order to be acceptable by the City Register.

25.     The Offering Plan further contains the proposed declaration of the Condominium (the "Declaration"), which reads in relevant part that:

> Exhibit B annexed hereto and made a part hereof sets forth the **following data with respect to each Unit necessary for the proper identification thereof**: (i) its unit designation; (ii) **tax lot number**; (iii) approximate location in the Building; (iv) approximate square foot area; (v) number of rooms; and (vi) the percentage interest in the General Common Elements appurtenant to such Unit.

4

12186059v.1

Offering Plan p. 359, Declaration § 6.1 (Emphasis added).

26. Exhibit B to the Declaration, however, contains no such description of the Unit or of any other unit of the Condominium. Indeed, Exhibit B is completely blank except for the heading "TO BE COMPLETED PRIOR TO RECORDATION OF CONDOMINIUM DECLARATION."

27. Upon information and belief, the information to be completed in said Exhibit B, including the Unit's tax lot number, was known or readily obtainable by Defendant at the time of signing the Agreement.

28. The "description of the [Unit] which makes such [Unit] clearly identifiable and which is in a form acceptable for recording by the appropriate public official responsible for maintaining land records in the jurisdiction in which the lot is located" consists of the tax lot number and other information to be completed in said Exhibit B to the Declaration.

29. Defendant's proposed Declaration admits that the data "necessary for the proper identification" of the Unit and all other units is required to be set forth in Exhibit B to the Declaration.

30. The tax lot number and other information to be completed in said Exhibit B to the Declaration was missing at the time of signing the Agreement.

31. The Declaration, with its blank Exhibit B, failed to contain the data "necessary for the proper identification" of the Unit and was not in a form acceptable for recording by the City Register when the Agreement was signed.

32. Accordingly, in violation if ILSA, the Agreement signed by the parties failed to provide "a description of the [Unit] which makes the [Unit] clearly identifiable and which is in a form acceptable for recording by the [City Register]".

### C. The Purchase Agreement Fails to Provide For A Refund of Plaintiffs' Deposit In An Amount Prescribed by ILSA

33. ILSA further provides, in relevant part, that a purchaser has the option to revoke any contract for the sale of a condominium unit that does not provide:

> that, if the purchaser ... loses rights and interest in the [unit] as a result of a default or breach of the contract or agreement which occurs after the purchaser ... has paid 15 per centum of the purchase price of the [unit], excluding any interest owed under the contract or agreement, the seller ... (or successor thereof) **shall refund** to such purchaser ... **any amount which remains after subtracting** (A) 15 per centum of the purchase price of the [unit], excluding any interest owed under the contract or agreement, **or** the amount of damages incurred by the seller ... (or successor thereof) as a result of such breach, whichever is greater, **from (B)** the amount paid by the purchaser ... with respect to the purchase price of the [unit], excluding any interest paid under the contract or agreement.

15 U.S.C. § 1703(d)(3) (Emphasis added).

34. In violation of § 1703(d)(3), the Agreement fails to provide affirmatively that Defendant shall refund any portion of Plaintiffs' Deposit and fails to limit Plaintiffs' liability for default to the greater of 15% of the purchase price or Defendant's actual damages.

35. Instead of the prescription required by ILSA, the Agreement provides in relevant part that:

> if and only to the extent that the sale of the Unit is not exempt from the provisions of the Interstate Land Sales Full Disclosure Act, the amount of the Deposit to be **retained** by Sponsor upon Purchaser's failure to cure a default after the expiration of the thirty (30) day notice and opportunity to cure period will be the greater of (i) fifteen percent (15%) of the Purchase Price (excluding any interest owed) or (ii) the amount of damages incurred by Seller due to the default.

Agreement ¶ 15.2 (emphasis added).

36. The above quoted language, in violation of ILSA, fails to provide an affirmative obligation to **refund** to Plaintiffs an amount that remains **after subtracting:** (a) 15% of the purchase price (excluding any interest owed) or Defendant's damages, whichever is

greater, **from** (b) the amount paid by purchaser with respect to the purchase price (excluding any interest owed).

37. In further violation of § 1703(d)(3), paragraph 32 of the Agreement provides that:

> Purchaser shall be obligated to reimburse [Defendant] for any legal fees and disbursements incurred by [Defendant] in defending [Defendant]'s rights under this Agreement or, in the event Purchaser defaults under this Agreement beyond any applicable grace period, in defending [Defendant]'s rights under this Agreement or in cancelling this Agreement or otherwise enforcing Purchaser's obligations hereunder.

Agreement ¶ 32.

38. The foregoing provision purport to obligate Plaintiffs to reimburse Defendant "for any legal fees and disbursements incurred by [Defendant] in defending [Defendant]'s rights under this Agreement or, in the event Purchaser defaults under this Agreement beyond any applicable grace period, in defending [Defendant]'s rights under this Agreement or in cancelling this Agreement or otherwise enforcing Purchaser's obligations hereunder."

39. Plaintiffs' purported liability under said paragraph 32 of the Agreement for Defendant's legal fees and disbursements incurred by Defendant in defending its rights under the Agreement or in cancelling the Agreement after Plaintiffs default constitute sums in addition to the amount stated in paragraph 15.2 of the Agreement (quoted above) to be retained by Defendant from the Deposit in the event of Plaintiffs' uncured default.

40. The purported liability of Plaintiffs for Defendant's legal fees and disbursements under said paragraph 32 of the Agreement (quoted above) impermissibly expands Plaintiffs' liability for default beyond the limit of liability established in said § 1703(d)(3).

12186059v.1

D.  **Plaintiffs Revokes The Purchase Agreement, Pursuant To ILSA, But Defendant Refuses To Return Any Portion Of The Deposit**

41.  By letter dated July 27, 2009, titled "NOTICE OF RESCISSION," Plaintiffs notified Defendant that they "hereby rescind[] the Agreement and demand the immediate refund of the [Deposit] . . . pursuant to, *inter alia*, the Interstate land Sales Full Disclosure Act, including 15 U.S.C. § 1703."

42.  Defendant, in response, denied any violation of ILSA and has failed and refused to return to Plaintiffs any portion of the Deposit.

## COUNT I

(Violation of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1703(d)(1))

43.  Plaintiffs repeat and reallege each and every allegation contained in paragraph 1 through 42 of this Complaint with the same force and effect as if fully set forth herein at length.

44.  ILSA applies to the Condominium and the Defendant and the Agreement is subject to ILSA's provisions.

45.  Upon information and belief, none of ILSA's exemptions apply to the Agreement or the Condominium.

46.  ILSA provides, in relevant part, that a purchaser has the option to revoke any contract for the sale of a unit that does not provide "a description of the [unit] which makes such [unit] clearly identifiable and which is in a form acceptable for recording by the appropriate public official responsible for maintaining land records in the jurisdiction in which the [unit] is located." 15 U.S.C. § 1703(d)(1).

47.  In violation of § 1703(d)(1), the Agreement, the Offering Plan and the proposed Declaration fail to identify the tax lot number of the Unit.

8

48. Further, Exhibit B to the Condominium Declaration fails to include any information whatsoever as to the description of the Unit or, indeed, of any other units of the Condominium.

49. As such, Defendant failed to provide a description of the Unit that clearly identifies the Unit and is in a form acceptable for recording by the appropriate public official, i.e., the City Register.

50. Accordingly, pursuant to 15 U.S.C. §§ 1703(d)(1), Plaintiffs are entitled to revoke the Agreement.

51. ILSA further provides that if a contract is revoked pursuant to § 1703(d), then the purchaser "shall be entitled to all money paid by him or her under such contract or agreement." 15 U.S.C. § 1703(e).

52. Accordingly, Plaintiffs are entitled to a refund of the entirety of their $718,474.95 Deposit, plus interest.

53. ILSA further provides that a purchaser may recover, among other things, "interest, court costs, and reasonable amounts for attorneys' fees." 15 U.S.C. § 1709(c).

54. Accordingly, Plaintiffs are entitled to their costs and reasonable attorneys' fees in prosecuting this action, in an amount to be determined at trial, but believed to be at least $25,000.

### COUNT II
(Violation of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1703(d)(3))

55. Plaintiffs repeat and reallege each and every allegation contained in paragraph 1 through 54 of this Complaint with the same force and effect as if fully set forth herein at length.

12186059v.1

56. ILSA applies to the Condominium and the Defendant, and the Agreement is subject to ILSA's provisions.

57. Upon information and belief, none of ILSA's exemptions apply.

58. ILSA provides, in relevant part, that a purchaser has the option to revoke any contract for the sale of a unit that does not provide for Defendant's obligation to refund all monies paid towards the purchase price, less the greater of "15 per centum of the purchase price of the [unit], excluding any interest owed under the contract or agreement, or the amount of damages incurred by the seller ..." 15 U.S.C. § 1703(d)(3).

59. Here, the Agreement: (a) fails to affirmatively obligate Defendant to refund to Plaintiffs the monies paid by Plaintiffs towards the purchase price, less the greater of 15% of the purchase price or Defendant's actual damages; and (b) impermissibly purports to expand Plaintiffs' liability for default beyond the limit of liability established by ILSA by providing that, after Plaintiffs default, Plaintiffs shall be liable to reimburse Defendant for legal fees and disbursements incurred by Defendant in defending its rights under the Agreement or in cancelling the Agreement, which reimbursement is in addition to the amount that Defendant may retain from the Deposit by reason of Plaintiffs' uncured default.

60. Accordingly, pursuant to 15 U.S.C. §§ 1703(d)(3), Plaintiffs are entitled to revoke the Agreement.

61. ILSA further provides that if a contract is revoked pursuant to § 1703(d), then the purchaser "shall be entitled to all money paid by him or her under such contract or agreement." 15 U.S.C. § 1703(e).

62. Accordingly, Plaintiffs are entitled to a refund of the entirety of their $718,474.95 Deposit, plus interest.

63. ILSA further provides that a purchaser may recover, among other things, "interest, court costs, and reasonable amounts for attorneys' fees." 15 U.S.C. § 1709(c).

64. Accordingly, Plaintiffs are entitled to their costs and reasonable attorneys' fees in prosecuting this action, in an amount to be determined at trial, but believed to be at least $25,000.

**WHEREFORE**, Plaintiffs respectfully pray for judgment: (i) revoking the Agreement; (ii) compelling Defendant to refund to Plaintiffs the entire $718,474.95 Deposit, with interest; (iii) awarding Plaintiffs their costs and reasonable attorneys' fees in prosecuting this action, in an amount to be determined at trial, but believed to be at least $25,000; and (iv) awarding Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 26, 2010

SEYFARTH SHAW LLP

By: _____
Richard M. Resnik (RR 1407)
Donald R. Dunn, Jr. (DD 0069)
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
    Attorneys for Plaintiffs William
    Abrams and Soo Won Hwang